DOROTHY ELIZABETH BARTON DUPONT,

*vs.*

ALFRED VICTOR DUPONT.

*New Castle, April 2, 1954.*

*James R. Morford,* of Morford, Bennethum & Marvel, Wilmington, for plaintiff.

*Arthur G. Logan,* of Logan, Marvel & Boggs, Wilmington, for defendant.

SEITZ, Chancellor: Because of the opinion of the Supreme Court of Delaware in this case declaring that certain factors were not relevant in arriving at a determination of the proper amount of maintenance to be granted the plaintiff, it has become necessary on remand to redetermine the amount on that record in the light of the Supreme Court opinion. See *duPont v. duPont,* — Del.Ch. —, 103 *A.2d* 234.

In conjunction with the redetermination plaintiff has moved for a hearing to bring the evidence up-to-date with respect to defendant's finances. Plaintiff says this is desirable here because it has been two years since the record was made and it may be that the evidence will show that a new amount should be set as of some date subsequent to the previous trial but prior to the present trial.

On the other hand, the defendant has moved that he be permitted to introduce testimony on the question of the plaintiff's needs as well as any other "proper defenses" which he may have. Plaintiff objects to the granting of that portion of defendant's motion which merely seeks permission to raise "all proper defenses". Plaintiff says the defendant should be required to designate his defenses so that plaintiff may be able to meet them.

This has been a "pioneer" case in this court on the question of separate maintenance. It becomes desirable therefore to decide how parties should proceed, pleading-wise, to raise questions concerning the modification, change or termination of an existing maintenance order. It seems to me that a party desiring so to do should proceed by petition setting forth the basis for the particular request. See 27 *Am.Jur., H. & W.,* § 428. The opposing party may then file an appropriate answer setting forth his defenses, if any. The suggested procedure would be fair to both parties and would provide an orderly set of pleadings for purposes of trial.

█ I therefore decide that plaintiff should file a petition setting forth her request. An order will be entered thereon fixing the time within which the defendant may answer. In order that the defendant may be on notice he should be served, through counsel, with a notice of plaintiff's intention to file such a petition and seek such an order.

Since the hearing in this matter has already been set for April 20, the plaintiff should present his petition and proposed order to the court on or before April 6. The order to be entered thereon will require defendant's answer to be filed on or before April 14.

█ Since plaintiff's counsel says the application here is based solely on the lapse of time since the previous trial and since no amount is yet fixed, I think plaintiff's petition need not allege change of circumstances, etc., as would probably be required in the usual case. This case is particularly difficult because the parties do not know what amount will be set on the original record.

Order on notice.